*254 WILKINSON, Circuit Judge,
concurring:
I am pleased to concur with the majority in affirming the district court, and agree with those facts the majority mentions as supporting the need for actual notice in this case. Because other facts in the record could support the conclusion that the Dunnagan estate was not a known creditor, however, I write to emphasize what I regard as the deciding factor in this case: The systemic value in supporting a bankruptcy court’s determination in an area where bankruptcy courts have significant expertise, which involves a somewhat ministerial matter, and where the inefficiency of incurring two appeals on close totality of the circumstances questions is apparent.
As the majority notes, the determination of whether a creditor is known or unknown is fact-intensive: there is “no bright-line rule,” and the determination hinges upon “the totality of the circumstances” and the “particular facts of each case.” Maj. Op. at 250 (internal citation omitted). Moreover, as the majority notes, it is “appropriate to give substantial consideration to the bankruptcy court’s conclusions” in determining whether a party is a known creditor “given that court’s significant experience and expertise in these matters, which routinely arise in the administration of bankruptcy proceedings.” Maj. Op. at 250 n. 8.
I agree that the facts the majority describes support the need for actual notice. See Maj. Op. at 251-52. And yet the case is hardly open and shut, given that no litigation was filed against the debtor prior to the claims-bar date; that the estate and its attorneys never mentioned to the debt- or that the estate might file suit; that there was no communication between the estate and the debtor of any sort; and that there are few if any cases holding a party to be a known creditor when the creditor had no pre-existing relationship with the debtor through contract, correspondence, or course of dealing. Counsel for the decedent was hired in November of 2002, and counsel or the estate might have been expected to communicate with Rea by the claims-bar date in February of 2004. Moreover, an accident report indicated Rea was not at fault because its construction site was separated from the flow of traffic by barriers.
In other words, the case for general or actual notice can be argued either way. In this sort of circumstance, it makes all the sense in the world to back up a bankruptcy court’s determination rather than encourage the laborious process of two lengthy and expensive appeals. I therefore agree that the judgment below should be affirmed.